ATTORNEY GENERAL LOVING HAS DIRECTED ME TO PROVIDE YOU WITH AN INFORMAL OPINION ON THE FOLLOWING TWO QUESTIONS:
 1. IF A PERSON HAS A LAPSE IN MOTOR VEHICLE LIABILITY INSURANCE COVERAGE, CAN AN INSURANCE COMPANY CHARGE THAT PERSON A HIGHER PREMIUM, SOLELY BECAUSE OF THE LAPSE IN COVERAGE, WITHOUT VIOLATING 36 O.S. 1204(7)?
 2. IF A PERSON HAS A LAPSE IN MOTOR VEHICLE LIABILITY INSURANCE COVERAGE, CAN AN INSURANCE COMPANY CHARGE THAT PERSON A HIGHER PREMIUM, SOLELY BECAUSE OF THE LAPSE IN COVERAGE, WITHOUT VIOLATING THE EQUAL PROTECTION PROVISIONS OF EITHER THE OKLAHOMA CONSTITUTION OR THE UNITED STATES CONSTITUTION?
I WILL ADDRESS YOUR TWO QUESTIONS UNDER THE FOLLOWING ASSUMPTIONS. FIRST, THE TYPE OF COVERAGE I WILL ADDRESS IS THAT OF MOTOR VEHICLE LIABILITY INSURANCE. SECOND, I WILL ASSUME THAT THE CANCELLATION OF THE INSURED'S POLICY IS DUE TO NON-PAYMENT OF PREMIUMS. CANCELLATION DUE TO OTHER FACTORS, SUCH AS TICKETS, ACCIDENTS, ETC. WILL NOT BE ADDRESSED, SINCE THESE OTHER FACTORS IN AND OF THEMSELVES WOULD JUSTIFY A DIFFERENT RATE CLASSIFICATION. THIRD, I WILL ASSUME THAT THE TERM, "HIGH RISK" IN YOUR REQUEST REFERS TO THE ASSIGNMENT OF THE INSURED TO A HIGHER RATE CLASSIFICATION, SUCH AS FROM A PREFERRED RATE TO A STANDARD RATE, OR FROM A STANDARD RATE TO A NON-STANDARD RATE CLASSIFICATION. FINALLY, I WILL ASSUME THAT THERE IS NO DISPUTE AS TO THE RATES THEMSELVES AS SET BY THE STATE PROPERTY AND CASUALTY BOARD, BUT RATHER, THE ASSIGNMENT BY T E INSURANCE COMPANY OF A PERSON TO A HIGHER RATE CLASSIFICATION BECAUSE OF A PRIOR POLICY CANCELLATION.
ALSO, I WOULD LIKE TO OFFER THE FOLLOWING CAVEAT. REGARDLESS OF THE CONSIDERATIONS SET FORTH IN THIS OPINION, THE DETERMINATION AS TO WHAT CONSTITUTES "UNFAIR DISCRIMINATION" WOULD ULTIMATELY LIE WITH THE INSURANCE COMMISSIONER, AND THE DISTRICT COURT, AS PROVIDED BY LAW.
TITLE 36 O.S. 1204(7) (1990), ENTITLED "UNFAIR DISCRIMINATION," PROVIDES AS FOLLOWS:
 "(A) MAKING OR PERMITTING ANY UNFAIR DISCRIMINATION BETWEEN INDIVIDUALS OF THE SAME CLASS AND EQUAL EXPECTATION OF LIFE IN THE RATES CHARGED FOR ANY CONTRACT OF LIFE INSURANCE OR OF LIFE ANNUITY OR IN THE DIVIDENDS OR OTHER BENEFITS PAYABLE THEREON, OR IN ANY OTHER OF THE TERM AND CONDITIONS OF SUCH CONTRACT.
 (B) MAKING OR PERMITTING ANY UNFAIR DISCRIMINATION BETWEEN INDIVIDUALS OF THE SAME CLASS AND OF ESSENTIALLY THE SAME HAZARD IN THE AMOUNT OF PREMIUM, POLICY FEES, OR RATES CHARGED FOR ANY POLICY OR CONTRACT OF ACCIDENT OR HEALTH INSURANCE OR IN THE BENEFITS PAYABLE THEREUNDER, OR IN ANY OF THE TERMS OR CONDITIONS OF SUCH CONTRACT, OR IN ANY OTHER MANNER WHATEVER.
 (C) AS TO KINDS OF INSURANCE OTHER THAN LIFE AND ACCIDENT AND HEALTH, NO PERSON SHALL MAKE OR PERMIT ANY UNFAIR DISCRIMINATION IN FAVOR OF PARTICULAR PERSONS, OR BETWEEN INSUREDS OR SUBJECTS OF INSURANCE HAVING SUBSTANTIALLY LIKE INSURING RISK, AND EXPOSURE FACTORS, OR EXPENSE ELEMENTS, IN THE TERMS OR CONDITIONS OF ANY INSURANCE CONTRACT, OR IN THE RATE OR AMOUNT OF PREMIUM CHARGED THEREFOR. THIS SUBSECTION SHALL NOT APPLY AS TO ANY PREMIUM RATE IN EFFECT PURSUANT TO ARTICLE 9 OF THE INSURANCE CODE."
SINCE WE ARE DEALING WITH LIABILITY INSURANCE, SUBSECTION (C) WOULD APPLY TO YOUR QUESTION. THIS PROVISION PREVENTS UNFAIR DISCRIMINATION BETWEEN INSUREDS HAVING, "SUBSTANTIALLY LIKE INSURING RISK, AND EXPOSURE FACTORS, OR EXPENSE ELEMENTS. . ." I AM OF THE OPINION THAT THE PHRASE, "OR EXPENSE ELEMENTS" JUSTIFIES THE TAKING INTO ACCOUNT A PRIOR LAPSE IN COVERAGE DUE TO NONPAYMENT OF PREMIUMS AS A BASIS FOR ASSIGNING AN INSURED TO A DIFFERENT AND HIGHER RATE CLASSIFICATION. THESE "EXPENSE ELEMENTS" MAY INCLUDE SUCH ITEMS AS COMMISSIONS, LICENSING FEES, TAXES, AND OFFICE EXPENSES WHICH ARISE AS PART OF THE CANCELLATION AS WELL AS ISSUANCE OF AN INSURANCE POLICY.
I HAVE NOT FOUND ANYTHING IN THE INSURANCE CODE ITSELF THAT WOULD PREVENT AN INSURANCE COMPANY FROM UTILIZING THESE EXPENSE FACTORS AN ITS UNDERWRITING GUIDELINES. IT IS THE INSURED INDIVIDUAL' POOR PAYMENT HISTORY, AND THE EXTRA EXPENSES ASSOCIATED WITH THAT PAYMENT HISTORY IN THE FORM OF EXTRA COMMISSIONS, OVERHEAD, ETC., THAT FORMS THE BASIS FOR CLASSIFYING THE INSURED AT A HIGHER RATE. THESE EXTRA EXPENSES TO THE INSURANCE COMPANY FORM VALID AND INDEPENDENT BASIS FOR RECLASSIFICATION THAT IS ENTIRELY UNRELATED TO THE FINANCIAL STATUS OF THE INSURED. THIS RATIONALE IS APPLICABLE TO BOTH UPPER-INCOME INDIVIDUALS THAT FAIL TO TIMELY PAY INSURANCE PREMIUMS AS WELL AS LOWER-INCOME INDIVIDUALS WITH SIMILAR BEHAVIOR. THUS, THE RECLASSIFICATION CONTEMPLATED IN YOUR QUESTION IS NOT DISCRIMINATION, "IN FAVOR OF PARTICULAR PERSONS, OR BETWEEN INSUREDS OR SUBJECTS OF INSURANCE HAVING SUBSTANTIALLY LIKE INSURING RISK, AND EXPOSURE FACTORS, OR EXPENSE ELEMENTS. . .," BUT RATHER, A MERE RECLASSIFICATION BASED ON GREATER COSTS TO THE INSURANCE COMPANY.
II. DISCRIMINATION UNDER THE OKLAHOMA OR FEDERAL CONSTITUTION.
YOUR SECOND QUESTION ASKS WHETHER A HIGHER RATE CLASSIFICATION BY AN INSURANCE COMPANY, BASED SOLELY ON A PREVIOUS CANCELLATION OF AN INSURANCE POLICY, WOULD VIOLATE THE EQUAL PROTECTION PROVISIONS UNDER EITHER STATE OR FEDERAL LAW. YOUR QUESTION IMPLIES EITHER A VIOLATION OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, OR A VIOLATION OF ARTICLE II, SECTION 7 OF THE OKLAHOMA CONSTITUTION.
GENERALLY, ACTIONS BY A PRIVATE ENTITY CANNOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION IN THE ABSENCE OF "STATE ACTION." SEE, GILMORE V. CITY OF MONTGOMERY, 417 U.S. 556, 94 S.CT. 2416, 41 L.ED.2D 304, 319 (1974). THIS "STATE ACTION" REFLECTS EXTENSIVE INVOLVEMENT IN A QUESTIONED ACTIVITY BY A GOVERNMENTAL ENTITY. THE MERE LICENSING AND REGULATION BY A GOVERNMENTAL ENTITY IS, BY ITSELF, GENERALLY INSUFFICIENT TO CONSTITUTE A "STATE ACTION" NECESSARY TO IMPLICATE THE EQUAL PROTECTION CLAUSE. ID. AT 319.
YOUR QUESTION CONTEMPLATES DISCRIMINATORY TREATMENT BY A PRIVATE INSURANCE COMPANY THAT IS REGULATED BY THE OKLAHOMA INSURANCE COMMISSION. ASSUMING THAT "STATE ACTION" DOES NOT EXIST, THE EQUAL PROTECTION CLAUSE IS NOT IMPLICATED BY THE ACTIVITIES DESCRIBED IN YOUR QUESTION. I WOULD NOTE THAT THE DECISION TO PROVIDE INSURANCE TO AN INDIVIDUAL WHO HAS HAD A PRIOR CANCELLATION OF AN INSURANCE POLICY WOULD GENERALLY BE GOVERNED BY THE INSURANCE COMPANY'S UNDERWRITING GUIDELINES. THESE UNDERWRITING GUIDELINES ARE NOT REGULATED BY THE OKLAHOMA PROPERTY AND CASUALTY BOARD, THUS GIVING MORE CREDENCE TO THE IDEA THAT THERE EXISTS NO STATE INVOLVEMENT IN AN INSURANCE COMPANY'S DENIAL OF COVERAGE.
HOWEVER, I CANNOT GIVE YOU A DEFINITE ANSWER TO YOUR QUESTION OF WHETHER THERE MAY BE A VIOLATION OF THE EQUAL PROTECTION CLAUSE UNDER THE FEDERAL CONSTITUTION. THIS IS ULTIMATELY A QUESTION OF FACT THAT CAN ONLY BE ADDRESSED IN A COURT OF LAW, AND IS THEREFORE OUTSIDE THE SCOPE OF THIS OPINION.
I WOULD SUBMIT THAT SINCE OKLAHOMA'S EQUAL PROTECTION COMPONENT FOUND WITHIN ARTICLE II, SECTION 7 OF THE OKLAHOMA CONSTITUTION IS "COEXTENSIVE WITH ITS FEDERAL COUNTERPART . . ." MY ANALYSIS OF YOUR QUESTION UNDER THE OKLAHOMA CONSTITUTION IS THE SAME AS MY ANALYSIS UNDER THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
(W. CRAIG SUTTER)